## No. 783
### LINCOLN v. TATUM
Ohio Appeals, 2nd District, Franklin County
No. 1106. Decided Oct. 11, 1923

107. CONTRACTS.

(1) Printed portions of contracts will control where there is inconsistency between the printed and written provisions—(2) Where the written provisions simply explain the printed portion then the provisions will be construed together.

ALLREAD, J.

#### Epitomized Opinion

This was an action brought by Lincoln to recover the sum of $1,000 deposited with Tatum under a written contract. A written proposition was made by the owner of certain real estate to Tatum as agent. Tatum sold premises to one Lincoln, who deposited $1,000 with the agent. The written contract provided for a payment of $1,000 upon the signing of the agreement. The printed acceptance, however, provided that $1,000 was to be paid to the agent, Tatum, in trust. At the close of plaintiff's evidence the court directed a verdict for defendant, upon the ground that the trust proposition was not binding as the original contract required the payment of $1,000 to the vendor. In reversing the judgment of the lower court, the Court of Appeals held:

1. Where there is an irreconcilable inconsistency between the printed and written portions of a contract, the written portions will be allowed to prevail.

2. Where the written portion of a contract does not provide to whom the $1,000 cash payment was to be made, the printed portions specifically setting forth the person to whom payment is to be made should be given full force and effect.

Attorneys—H. B. Garch and J. F. Rogers, for Lincoln; Eugene Moore and Andrew Mitchell, for Tatum.

## No. 784
### KINSEY v. STATE
Ohio Appeals, 3rd District, Allen County
No. 347. Decided May 31, 1923

166. ERROR.

(1) Failure of counsel to correct the transcript or make objection thereto, precludes complaint of incorrectness.

HUGHES, J.

#### Epitomized Opinion

In this case the Court of Appeals held:

1. As no corrected transcript was filed, this court is bound to consider it in the form filed, and the plaintiff in error cannot be heard to complain that the transcript is defective where no objection was made to it or effort made to correct the same.

Attorneys—C. J. Brotherton, for Kinsey; Paul T. Landis, for State.

## No. 785
### CLABAUGH v. CLABAUGH
Ohio Appeals, 3rd District, Crawford County
No. 960. Decided July 11, 1923

166. ERROR.

A motion for separate findings of fact and law must be made at the time the decision is made.

HUGHES, J.

#### Epitomized Opinion

At the hearing of this case the court failed and refused to give separate findings of fact and law. The record disclosed that the case was journalized and entered of record August 1, 1922. A motion for separate findings was filed with a motion for a new trial on August 2nd. The motion for the new trial did not complain of the court's failure to make separate findings. Upon the hearing of the motion, the court refused to make separate findings. Error was prosecuted to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Under the circumstances as disclosed by the record, plaintiff-in-error cannot now complain of the failure of the court to grant the motion, as the request was made too late.

Attorneys—Chester A. Mack, for plaintiff-in-error; Edward J. Myers, for defendant-in-error.